IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CV-193-D

IBRAHIM OUDEH, and            )
TERESA SLOAN-OUDEH,           )
                              )
                Plaintiffs,   )
                              )
          v.                  )        **ORDER**
                              )
GOSHEN MEDICAL CENTER, INC.,  )
                              )
                Defendant.    )

On April 7, 2022, Ibrahim Oudeh and Teresa Sloan-Oudeh (collectively, "plaintiffs") filed a complaint in Cumberland Country Superior Court against Goshen Medical Center, Inc. ("Goshen" or "defendant") alleging breach of contract and other state law claims concerning Goshen's alleged failure to perform in accordance with a $1,400,000 promissory note related to the sale of plaintiffs' medical practice to Goshen. See [D.E. 1-1]. On April 22, 2022, Goshen interpleaded North Carolina and the United States (collectively, "governments"). See [D.E. 1-2] 12–18. On May 16, 2022, the United States removed the action to this court. See [D.E. 1] 3–6.

On June 24, 2022, plaintiffs moved to dismiss the governments and remand the action to Cumberland County Superior Court. See [D.E. 18]. On December 8, 2022, the court denied plaintiffs' motion to remand [D.E. 27].

On August 16, 2022, Goshen moved to dismiss plaintiffs' complaint for failure to state a claim upon which relief can be granted, or in the alternative, moved for judgment on the pleadings [D.E. 23] and filed a memorandum in support [D.E. 24]. On September 6, 2022, plaintiffs responded in opposition [D.E. 25]. On September 20, 2022, Goshen replied [D.E. 26]. As explained below,

the court grants Goshen's motion to dismiss and dismisses with prejudice plaintiffs' complaint based on claim preclusion and judicial estoppel arising from 2018 litigation involving plaintiffs and Goshen.

I.

In 2022, plaintiffs filed a second complaint concerning the same promissory note that was the subject of litigation in this court in 2018. See [D.E. 1-1]. In 2018, plaintiffs filed an unsuccessful complaint alleging breach of contract concerning the promissory note that Goshen issued as part of plaintiffs' medical practice. See Oudeh v. Goshen Med. Ctr., Inc., 5:18-CV-576 (E.D.N.C. Dec. 4, 2018) ("2018 Action"), [D.E. 1].

Before the 2018 Action, the governments sued plaintiffs on January 12, 2018, for violating the False Claims Act ("FCA"), and the court authorized the issuance of prejudgement writs of garnishment prohibiting Goshen from making any payments to plaintiffs regarding the sale of plaintiffs' medical practice. See United States v. Oudeh et al., 5:18-CV-9 (E.D.N.C. Jan. 12, 2018) ("2018 FCA Action"), [D.E. 24]. In light of the writs of garnishment, Goshen interpleaded the governments into the 2018 Action, and the governments removed the 2018 Action to this court on December 4, 2018. See 2018 Action, [D.E. 1].

On April 28, 2020, plaintiffs and the governments reached a settlement agreement on the FCA claims ("FCA Settlement Agreement"). See 2018 FCA Action, [D.E. 126]. Pursuant to the FCA Settlement Agreement, plaintiffs relinquished their interest in $1,471,312 derived from the cash payments due under the Goshen purchase agreement. Id.; see also id., [D.E. 123–25]. Following the parties' joint submission informing the court of the FCA Settlement Agreement, the court dismissed with prejudice plaintiffs' 2018 Action as moot. See 2018 Action, [D.E. 44].

2

Plaintiffs moved to reconsider the dismissal order, challenging the court's dismissal of the action with prejudice, and filed a memorandum in support. See id., [D.E. 45–46]. On August 26, 2020, Goshen responded in opposition. See id., [D.E. 47]. On October 15, 2020, the court adopted Goshen's position in its response and denied plaintiffs' motion for reconsideration. See id., [D.E. 50]. Plaintiffs appealed. See id., [D.E. 51–53]

On March 22, 2022, the United States Court of Appeals for the Fourth Circuit affirmed the court's order dismissing the 2018 Action as moot. See Oudeh v. Goshen Med. Ctr., Inc., No. 20-2238, 2022 WL 683361, at *1 (4th Cir. Mar. 8, 2022) (per curiam) (unpublished). The Fourth Circuit, however, modified the court's judgment to be a dismissal without prejudice because the court lacked subject-matter jurisdiction following the FCA Settlement Agreement and the order implementing the FCA Settlement Agreement. See id.

II.

A motion to dismiss under Rule 12(b)(6) tests the complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–80 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 554–63 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). To withstand a Rule 12(b)(6) motion, a pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (quotation omitted); see Twombly, 550 U.S. at 570; Giarratano, 521 F.3d at 302. In considering the motion, the court must construe the facts and reasonable inferences "in the light most favorable to the [nonmoving party]." Massey v. Ojaniit, 759 F.3d 343, 352 (4th Cir. 2014) (quotation omitted); see Clatterbuck v. City of Charlottesville, 708 F.3d 549, 557 (4th Cir. 2013), abrogated on other grounds by Reed v. Town of Gilbert, 576 U.S. 155 (2015). A court need not accept as true a complaint's legal conclusions,

3

"unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 678–79. Rather, a plaintiff's factual allegations must "nudge[ ] [his] claims," Twombly, 550 U.S. at 570, beyond the realm of "mere possibility" into "plausibility." Iqbal, 556 U.S. at 678–79.

When evaluating a motion to dismiss, a court considers the pleadings and any materials "attached or incorporated into the complaint." E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 448 (4th Cir. 2011); see Fed. R. Civ. P. 10(c); Goines v. Valley Cmty. Servs. Bd., 822 F.3d 159, 166 (4th Cir. 2016); Thompson v. Greene, 427 F.3d 263, 268 (4th Cir. 2005). A court may also consider a document submitted by a moving party if it is "integral to the complaint and there is no dispute about the document's authenticity." Goines, 822 F.3d at 166. Additionally, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

Goshen asks the court to take judicial notice of the filings in the 2018 Action and the 2018 FCA Action. See [D.E. 24] 2. When evaluating a motion to dismiss, a court may take judicial notice of public records, including court filings. See Goldfarb v. Mayor of Balt., 791 F.3d 500, 508 (4th Cir. 2015); Witthohn v. Fed. Ins. Co., 164 F. App'x 395, 397 (4th Cir. 2006) (per curiam) (unpublished). Plaintiffs do not object to the court taking judicial notice of these filings. See [D.E. 25] 8. Thus, the court takes judicial notice of the filings in the 2018 Action and the 2018 FCA Action.

A.

Goshen seeks dismissal on two grounds. First, Goshen argues that this court's dismissal of the 2018 Action precludes plaintiffs from bringing this action. See [D.E. 24] 9–13. Second, Goshen

4

contends that plaintiffs' filings in the 2018 FCA Action, including the FCA Settlement Agreement, contain judicial admissions that bind plaintiffs in this action and bar plaintiffs from bringing this action. See [D.E. 24] 12.

Plaintiffs respond that issue preclusion does not bar their current action because plaintiffs' breach of contract claims were "expressly carved out as permissible by [this court's] Order" of April 28, 2020. [D.E. 25] 9. Plaintiffs also argue that this action concerns only damages and attorney's fees arising from Goshen's alleged breach of the promissory note and that the disputed funds are not subject to garnishment under the FCA Settlement Agreement. See id. at 11. Moreover, plaintiffs argue that because this action is allowed under the "guidance and authority" of this court's order of April 28, 2020, then judicial estoppel does not apply. Id.

The doctrine of "collateral estoppel" or "issue preclusion" is a subset of res judicata. See In re Microsoft Corp. Antitrust Litig., 355 F.3d 322, 326 (4th Cir. 2004); SEC v. Peters, No. 5:17-CV-630, 2021 WL 1112387, at *3 (E.D.N.C. Mar. 22, 2021) (unpublished). "Applying collateral estoppel forecloses the relitigation of issues of fact or law that are identical to issues which have been actually determined and necessarily decided in prior litigation in which the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate." In re Microsoft Corp., 355 F.3d at 326 (cleaned up); see Sedlack v. Braswell Servs. Grp., Inc., 134 F.3d 219, 224 (4th Cir. 1998). Collateral estoppel applies if the proponent demonstrates that:

> (1) the issue or fact is identical to the one previously litigated; (2) the issue or fact was actually resolved in the prior proceeding; (3) the issue or fact was critical and necessary to the judgment in the prior proceeding; (4) the judgment in the prior proceeding is final and valid; and (5) the party to be foreclosed by the prior resolution of the issue or fact had a full and fair opportunity to litigate the issue or fact in the prior proceeding.

In re Microsoft Corp., 355 F.3d at 326; see E. Assoc. Coal Co. v. Dir., Off. of Worker's Comp.

5

Programs, 578 F. App'x 165, 173 (4th Cir. 2014) (per curiam) (unpublished); Collins v. Pond Creek Mining Co., 468 F.3d 213, 217 (4th Cir. 2006); Tuttle v. Arlington Cnty. Sch. Bd., 195 F.3d 698, 703 n.6 (4th Cir. 1999); Sedlack, 134 F.3d at 224.

Collateral estoppel can "bar relitigation . . . of subject-matter jurisdiction." Barna Conshipping, S.L. v. 2,000 Metric Tons, More or Less, of Abandoned Steel, 410 F. App'x 716, 720 (4th Cir. 2011) (per curiam) (unpublished); see Carr v. Tillery, 591 F.3d 909, 916–17 (7th Cir. 2010); Muñiz Cortes v. Intermedics, Inc., 229 F.3d 12, 14 (1st Cir. 2000). "A dismissal for lack of standing—or any other defect in subject-matter jurisdiction—must be one without prejudice." S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC, 713 F.3d 175, 185 (4th Cir. 2013). Generally, "a dismissal without prejudice operates to leave the parties as if no action had been brought at all." Dove v. CODESCO, 569 F.2d 807, 809 n.3 (4th Cir. 1978); see In re Matthews, 395 F.3d 477, 483 (4th Cir. 2005). A jurisdictional dismissal is not a "judgment on the merits for the purposes of res judicata." Goldsmith, 987 F.2d at 1069. "However, a jurisdictional dismissal . . . still operates to bar relitigation of issues actually decided by that former judgment." U.S. ex rel. May v. Purdue Pharma L.P., 737 F.3d 908, 912 n.2 (4th Cir. 2013) (quotation omitted). Dismissal for lack of subject-matter jurisdiction does not bar relitigation of the same claim in a court of competent jurisdiction, but collateral estoppel "ordinarily should preclude relitigation of the same issue of subject-matter jurisdiction in a second federal suit on the same claim." 18 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 4402 (3d ed. 2021); see Barna Conshipping, 410 F. App'x at 720; Muñiz Cortes, 229 F.3d at 14. Thus, "a dismissal can be one without prejudice yet have preclusive effect." Carr, 591 F.3d at 917.

Two cases from district courts in the Fourth Circuit have applied issue preclusion in situations almost identical to this case. See Frankel v. United States, 358 F. Supp. 3d 537 (E.D. Va.

6

2019), aff'd, 810 F. App'x 176 (4th Cir. 2020) (per curiam) (unpublished); Capitol Env't Servs., Inc. v. N. River Ins. Co., 778 F. Supp. 2d 623, 633 (E.D. Va. 2011), aff'd, 484 F. App'x 770 (4th Cir. 2012) (per curiam) (unpublished). In Frankel and Capitol Environmental Services, the courts applied "[a] critical though rarely-invoked exception" to this general rule of issue preclusion when claims are dismissed without prejudice. Capitol Env't Servs., Inc., 778 F. Supp. 2d at 633. This exception recognizes "that even a judgment not on the merits will generally have preclusive effect at least as to the same issue for which dismissal was ordered." Id.; see Okoro v. Bohman, 164 F.3d 1059, 1062 (7th Cir. 1999); Bromwell v. Mich. Mutual Ins. Co., 115 F.3d 208, 212–13 (3d Cir. 1997); Niagara Mohawk Power Corp. v. Tonawanda Band of Seneca Indians, 94 F.3d 747, 754 (2d Cir. 1996); Equitable Tr. Co. v. Commodity Futures Comm'n, 669 F.2d 269, 272 (5th Cir. 1982); Frankel, 358 F. Supp. 3d at 541.

In Frankel, in the first action, the district court dismissed without prejudice claims against an individual defendant acting within the scope of her federal employment based on sovereign immunity. See Frankel, 358 F. Supp. 3d at 541. In the second action, the same plaintiffs then sued the United States concerning the same incident. See id. The district court dismissed the second action due to issue preclusion even though the first court's dismissal was without prejudice. See id. The Frankel court noted that critical to the court's first dismissal was that the individual defendant was acting within the scope of her federal employment during the accident. See id. That finding had jurisdictional significance. Although the court dismissed the first action without prejudice, the court refused to allow plaintiffs to relitigate "the scope of employment question because the doctrine of 'issue preclusion' prevents further litigation of this previously decided issue." Id.

On July 20, 2022, this court held that plaintiffs forfeited their interest in the promissory note and dismissed the 2018 Action as moot. Oudeh v. Goshen Med. Ctr., Inc., No. 5:18-CV-576, 2020

7

WL 6867070 (E.D.N.C. July 20, 2020), aff'd as modified, No. 20-2238, 2022 WL 683361 (4th Cir. Mar. 8, 2022) (per curiam) (unpublished). Plaintiffs moved for reconsideration, and the court denied the motion based on Goshen's response in opposition. See 2018 Action, [D.E. 50] (incorporating Goshen's response in opposition at [D.E. 47]). The court noted that plaintiffs' admissions to the court in the 2018 FCA Action negated plaintiffs' interest in the funds concerning the promissory note and plaintiffs' interests in all claims subject to the prejudgment writs in the 2018 FCA Action, including interest in the promissory note. Id., [D.E. 47]. Moreover, the court also noted that in the 2018 FCA Action, plaintiffs admitted that they had no interest in the promissory note; therefore, there was no ripe controversy for adjudication. Id., [D.E. 47] 4 ("Given this admission from the Oudehs, any claim related to the Promissory Note is no longer theirs to bring."). The Fourth Circuit affirmed. Oudeh, 2022 WL 683361, at *1.

Plaintiffs' latest action concerning plaintiffs' interest in the promissory note meets the five-part requirement for issue preclusion. First, plaintiffs' lack of interest in the promissory note in 2018 is identical to the issue in this case. Second, this court's denial of the motion for reconsideration and Fourth Circuit's judgment resolved this issue in the 2018 Action. See Oudeh, 2022 WL 683361, at *1; 2018 Action, [D.E. 50]. Third, the issue was critical and necessary to the court's dismissal of the 2018 Action and the Fourth Circuit's judgment. See Oudeh, 2022 WL 683361, at *1; 2018 Action, [D.E. 50]. Fourth, the judgments in the 2018 Action are valid. Fifth, plaintiffs had a full and fair opportunity to litigate the issue, having briefed the issue fully for this court and the Fourth Circuit.

In opposition, plaintiffs argue that their current claims concerning the promissory note are distinct from their claims in the 2018 Action because plaintiffs now seek only "damages, interest[,] and attorney's fees expressly permitted by breach of the Note." [D.E. 25] 10. Plaintiffs, however,

8

also requested interest and attorney's fees in the 2018 Action, and this court rejected these arguments when dismissing the case as moot. See 2018 Action, [D.E. 50]; id., [D.E. 47] 6. Moreover, whether plaintiffs had a cognizable interest in the promissory note was dispositive in the 2018 Action and is essential to plaintiffs' claims in this action. Therefore, the issues underlying this action and the 2018 Action are sufficiently identical.

Next, plaintiffs argue that the text of this court's order implementing the FCA Settlement Agreement authorized plaintiffs to file this suit. See [D.E. 25] 9–10. Plaintiffs are wrong. The text of this court's order implementing the FCA Settlement Agreement noted that the FCA Settlement Agreement did not bar claims for:

> (i) salaries and bonuses and other claims or causes of action Defendants may assert against Goshen and others relating to the Defendants ... employment by Goshen, and (ii) claims or causes of action Defendants have, or may have, against Goshen and others relating to Goshen for breach of the Promissory Note executed by Goshen in favor of Defendants ... dated September 18, 2017 (excluding the proceeds from the sale of the medical practice assets and real estate at 801 Tilghman Drive, Dunn, North Carolina).

2018 FCA Action, [D.E. 126] 1–2. However, plaintiffs fail to explain why the FCA Settlement Agreement binds Goshen or the court in this case. As Goshen correctly notes, "[n]either Goshen nor the Court were parties to the Settlement Agreement[,]" and plaintiffs cannot bind either one with this language from the order. [D.E. 24] 17. Moreover, the governments are not invoking the FCA Settlement Agreement in this case. Therefore, the court rejects plaintiffs' arguments stemming from the FCA Settlement Agreement.

Next, plaintiffs argue that this court approved the current action because of the exclusion language in the order implementing the FCA Settlement Agreement. See [D.E. 25] 9–10. The court disagrees. The language in the court's order concerning the FCA Settlement Agreement reflected that the FCA Settlement Agreement, as a contract between plaintiffs and the governments, did not

9

specifically cover certain potential claims against Goshen. See FCA 2018 Action, [D.E. 126]. However, this court in the 2018 Action did not rely solely on the language of the FCA Settlement Agreement when concluding that plaintiffs had forfeited their interest in the promissory note. See 2018 Action, [D.E. 50]; id., [D.E. 47] 6. Moreover, no court order in either 2018 action contained specific language ordering, directing, or encouraging plaintiffs to refile their claims against Goshen in state court after dismissal of the 2018 Action or settlement of the 2018 FCA Action. See 2018 FCA Action, [D.E. 126]; 2018 Action, [D.E. 44, 50].

Because the issue of plaintiffs' interest in the promissory note has been litigated and decided against plaintiffs, plaintiffs fail to state a claim on which relief can be granted. Plaintiffs have no interest or claim arising from the promissory note. Moreover, plaintiffs cannot relitigate this question. Accordingly, the court grants Goshen's motion to dismiss and dismisses with prejudice plaintiffs' complaint. See Barna Conshipping, 410 F. App'x at 720; Carr, 591 F.3d at 917; Muñiz Cortes, 229 F.3d at 14.

B.

Alternatively, plaintiffs' joint filings in the 2018 FCA Action contain judicial admissions concerning their lack of an interest in the promissory note. See 2018 FCA Action, [D.E. 123] 3–6; id., [D.E. 124–25]. These admissions estop plaintiffs from continuing with this current action.

The doctrine of "[j]udicial estoppel precludes a party from adopting a position that is inconsistent with a stance taken in prior litigation. The purpose of the doctrine is to prevent a party "from playing fast and loose with the courts, and to protect the essential integrity of the judicial process." Lowery v. Stovall, 92 F.3d 219, 223 (4th Cir. 1996) (quotation omitted). Judicial estoppel applies when:

> (1) the party to be estopped ... advanc[es] an assertion that is inconsistent with a

10

position taken during previous litigation; (2) the position [is] one of fact instead of law; (3) the prior position must have been accepted by the court in the first proceeding; and (4) the party to be estopped must have acted intentionally, not inadvertently.

Folio v. City of Clarksburg, 134 F.3d 1211, 1217–18 (4th Cir. 1998); see Lowery, 92 F.3d at 224; Cannon v. Wal-Mart Assocs., Inc., No. 5:19-CV-373, 2021 WL 4164075, at *8 (E.D.N.C. Sept. 10, 2021) (unpublished). Because all four factors apply to plaintiffs, plaintiffs cannot continue to assert that they have an interest in the promissory note in this case.

In opposition, plaintiffs argue that they "are not benefitting from any inconsistent positions, but seek a right to recovery expressly permitted by this Court." [D.E. 25] 11. As discussed, however, plaintiffs seek to benefit from their current position, i.e., that plaintiffs have an interest in the promissory note and have a right to recover on the promissory note, despite their judicial admissions to the contrary. See [D.E. 1-1] ¶¶ 36–68; [D.E. 25] 12–14. Plaintiffs cannot proceed because they do not have an interest in the promissory note.

Plaintiffs' lack of an interest in the promissory note dooms every possibly theory of recovery in this action. Plaintiffs have no interest in the promissory note; therefore, they cannot recover attorney's fees or other damages arising from the promissory note. Moreover, if plaintiffs are asserting that Goshen breached the promissory note, plaintiffs lack standing to assert such a claim.

III.

In sum, the court GRANTS defendant's motion to dismiss [D.E. 23] and DISMISSES WITH PREJUDICE plaintiffs' complaint. The clerk shall close the case.

SO ORDERED. This 29 day of December, 2022.

JAMES C. DEVER III
United States District Judge

11